**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| EBIEZER QUINONES, | * | |
| Appellant, | * | |
| v. | * | No. 8:25-cv-03906-PX |
| TIMOTHY P. BRANIGAN, TRUSTEE FREEDOM MORTGAGE CORP., | * | |
| Appellees. | * | |

\*\*\*

**<u>MEMORANDUM ORDER</u>**

Appellant Ebiezer Quinones appeals the Bankruptcy Court's denial of his Chapter 13 plan with leave to amend and the denial of his motion to reconsider. *See In re Ebiezer Quinones*, No. 25-17702-MCR, ECF Nos. 40-1 & 40-2 (Bankr. D. Md. 2025). Quinones separately asks this Court to stay the bankruptcy proceedings pending resolution of his appeal. ECF No 4. Appellees rightly respond that the appealed orders are interlocutory under *Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015), and accordingly must be dismissed for lack of jurisdiction. *Bullard* squarely held that a bankruptcy order denying Chapter 13 confirmation with leave to amend is not final because it does not "fix[] the rights and obligations of the parties" or end the confirmation process. *Id.* at 502. The denial also "changes little. The automatic stay persists. The parties' rights and obligations remain unsettled. The trustee continues to collect funds from the debtor in anticipation of a different plan's eventual confirmation. The possibility of discharge lives on. 'Final' does not describe this state of affairs." *Id.* at 503.

Quinones attempts to distinguish this appeal to no avail. It is squarely a challenge to a non-final order under *Bullard*, as is the appeal from the denial of reconsideration. Nor does Quinones

1

convince this Court that it should reach this appeal pursuant to 28 U.S.C. § 158(a)(3), which permits appellate review of an interlocutory order where "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000) (internal quotation marks and citation omitted). The Court applies a similar review standard to that of United States Courts of Appeal in reviewing interlocutory orders under 28 U.S.C. § 1292(b). *See, e.g.*, *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D. Md. 2012). Leave to file an interlocutory appeal should be granted only where: (1) an order involves a controlling question of law; (2) as to which there is substantial ground for a difference of opinion; and (3) immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b).

Quinones merely avers the denial was premature and that the case is not "ordinary." ECF No. 12 at 8. But this alone does little to convince the Court it should review the matter on an interlocutory basis. Thus, and based on the foregoing, the United States District Court for the District of Maryland hereby **ORDERS** that:

1. Appellant Ebiezer Quinones' Appeal at ECF No. 1 is **DENIED**;

2. The Renewed Motion for Stay Pending Appeal at ECF No. 4 is **DENIED as Moot**;

3. The Clerk shall **TRANSMIT** the Order to Appellees, **MAIL** copy of this Order to Appellant Quinones; and

4. **CLOSE** this case.

July 30, 2026
Date

/s/
Paula Xinis
United States District Judge

2